UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00125-MR

| | |
|---|---|
| DEESHUN DADE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> ) <br> FNU CARLINEO, ) <br> ) <br> Defendant. ) <br> _____ ) | ORDER |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983. [Doc. 1; See Doc. 1-3].[1] See 28 U.S.C. §§ 1915(e)(2); 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 8].

I.   BACKGROUND

Pro se Plaintiff Deeshun Dade ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Foothills Correctional Institution ("Foothills") in Morganton, North Carolina. On June 21, 2022, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against Defendant FNU Carlineo,

---

[1] Plaintiff filed two nearly identical Complaints that were both dated June 13, 2022, [Docs. 1 at 5, Doc. 1-3 at 5], and received by this Court on June 21, 2022, [Doc. 1-1 at 1, Doc. 1-4 at 1]. The second of these two Complaints was filed at Docket No. 1-3 in this matter.

identified as a correctional officer at Foothills, in his individual and official capacities. [Doc. 1]. Plaintiff alleges as follows. On May 13, 2022, while Defendant was escorting Plaintiff to the shower, Defendant pulled and squeezed Plaintiff's arm. [Id. at 2]. Plaintiff's arms were handcuffed behind his back. [See id. at 3]. Plaintiff and Defendant had a verbal exchange of profanity after which Plaintiff attempted to walk toward the shower area. Defendant then "appl[ied] force to stop the plaintiff from walking" and "forced the plaintiff against the metal bars & rammed the plaintiff's head against them." [Id. at 2]. Defendant and Plaintiff walked toward a staircase where Defendant tightened the handcuffs "as much as possible" to harm Plaintiff. While walking up the stairs Defendant tried to push Plaintiff up the stairs. Once at the top of the stairs, Plaintiff began to resist out of fear of being assaulted again. Defendant pinned Plaintiff against the wall. [Id.]. After reaching Plaintiff's cell, Defendant pushed Plaintiff inside and then, after Plaintiff jumped on his bed and stood in the corner, Defendant rammed Plaintiff against the wall. Once free from Defendant and apparently as Defendant was leaving Plaintiff's cell, Plaintiff tried to step through his handcuffed arms to bring them to the front of his body. Defendant noticed what Plaintiff was doing and rushed back into the cell and wrestled with Plaintiff. Plaintiff ended up in the fetal position on the floor where Defendant

"mush[ed] & punch[ed]" him. [Id. at 3]. Sergeant Adkins arrived and ordered Defendant to release Plaintiff several times before Defendant complied. [Id.].

Plaintiff claims that this conduct constituted a failure to protect him from harassment and assault, which constitutes cruel and unusual punishment under the Eighth Amendment. [Doc. 1 at 4].

For relief, Plaintiff seeks declaratory relief and compensatory, punitive, and nominal damages. [Id.]. Plaintiff also moves for a "preliminary & permanent injunction in the interest of justice, ordering [he] be moved to Central Prison for his protection until the disposition of the case" and such "temporary relief … until such time when he can exhaust administrative remedy procedure." [Id.].

## II. STANDARD OF REVIEW

The Court must review Plaintiff's Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief

3

may be granted; or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

### A. Official Capacity

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, as noted the Eleventh Amendment bars suits for monetary damages against the State

4

of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). Plaintiff's official capacity claim, therefore, does not survive initial review and will be dismissed.

## B. Eighth Amendment

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). Although Plaintiff purports to state a claim for the failure to protect, Plaintiff's claim is properly considered as an excessive force claim under the Eighth Amendment.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship

5

between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21.

Taking Plaintiff's allegations as true for the purposes of this initial review and drawing all reasonable inferences in his favor, Plaintiff sufficiently describes an Eighth Amendment excessive force claim against Defendant in his individual capacity to allow the case to proceed.

### C. Motion for Preliminary Injunction

Plaintiff seeks a preliminary and permanent injunction ordering that he be transferred to Central Prison "for his protection" until the disposition of this case. [Doc. 1 at 4]. Plaintiff argues that he "has been & will continue to be irreparably injured by the conduct of the defendant" unless the Court grants the relief sought. [Id.].

Preliminary injunctive relief is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003). It is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of

6

Case 1:22-cv-00125-MR   Document 9   Filed 07/29/22   Page 6 of 9

the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009).

Plaintiff's motion for preliminary injunctive relief fails. It is outside the Court's authority to order that Plaintiff be transferred to a different state correctional institution in the first place. Moreover, even if the Court had authority to order the requested relief, Plaintiff has not shown that he is entitled thereto in any event. Plaintiff has failed to establish any one of the four elements the Court considers in granting injunctive relief. See Real Truth About Obama, 575 F.3d at 346. The Court will, therefore, deny Plaintiff's request for injunctive relief.

Plaintiff also seeks a "temporary relief order" allowing him time to comply with 42 U.S.C. § 1997e(a)'s administrative remedy exhaustion requirement. Plaintiff alleges that he submitted a grievance form before filing his Complaint, but that it was thrown away. [Doc. 1 at 4]. The Court will deny this request as moot. Plaintiff need only exhaust those administrative

7

Case 1:22-cv-00125-MR Document 9 Filed 07/29/22 Page 7 of 9

remedies actually available to him before filing suit.  Moss v. Harwood, 19 F.4th 614, 621 (4th Cir. 2021) ("An inmate need exhaust only 'available' administrative remedies.") (quoting § 1997e(a)).  "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it."  Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008).  As such, Plaintiff will not be penalized if he did, in fact, submit a grievance regarding the incident and it was not processed, but rather discarded by prison officials.

## IV.     CONCLUSION

In sum, Plaintiff's Eighth Amendment excessive force claim against Defendant in his individual capacity survives initial review. Plaintiff's claim against Defendant in his official capacity does not and will be dismissed. Plaintiff's motion for a preliminary injunction will be denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Eighth Amendment excessive force claim against Defendant in his individual capacity passes initial review.

**IT IS FURTHER ORDERED** that Plaintiff's Eighth Amendment excessive force claim against Defendant in his official capacity is hereby

**DISMISSED** and Plaintiff's motion for preliminary injunction [Doc. 1] is **DENIED**.

**IT IS, THEREFORE, ORDERED** that Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant, who is alleged to be a current or former employee of the North Carolina Department of Public Safety.

The Clerk is also instructed to mail Plaintiff an Opt-In/Opt-Out form pursuant to Standing Order 3:19-mc-00060-FDW.

**IT IS SO ORDERED**.

Signed: July 29, 2022

Martin Reidinger
Chief United States District Judge