UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00125-MR

| DEESHUN DADE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | ORDER |
|  | ) |  |
| FNU CARLINEO, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss. [Doc. 20].

**I.    BACKGROUND**

Pro se Plaintiff Deeshun Dade ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Granville Correctional Institution in Butner, North Carolina.  On June 21, 2022, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against Defendant FNU Carlineo,[1] identified as a correctional officer at Foothills Correctional Institution, in his individual and official capacities. [Doc. 1]. Plaintiff's Eighth Amendment individual capacity excessive force claim against Defendant Carlineo survived initial review.

---

[1] Defendant Carlineo's true full name is Kacey R. Carlineo.  [See Doc. 20 at 1].  The Court will instruct the Clerk to update the docket accordingly.

[Doc. 9 at 6, 8]. Plaintiff's official capacity claim was dismissed. [Id. at 4-5, 8-9].

In his verified Complaint, Plaintiff alleged that he "[had] submitted a grievance form to only have them thrown away." [Doc. 1 at 3; Doc. 1-3 at 3]. Plaintiff sought a "temporary relief order until such time when the plaintiff can comply with 42 U.S.C. § 1997(e)(a)." [Id.]. In his verified Administrative Remedies Statement, Plaintiff acknowledged that he had not exhausted his administrative remedies. [Doc. 6]. On initial review, the Court denied Plaintiff's request for a "temporary relief order," noting that Plaintiff "need only exhaust those administrative remedies actually available to him before filing suit." [Doc. 9 at 7-8]. The Court explained that "Plaintiff will not be penalized if he did, in fact, submit a grievance regarding the incident and it was not processed, but rather discarded by prison officials." [Id. at 8]. On August 22, 2022, Plaintiff filed a Notice with the Court outlining the steps he had taken to exhaust his administrative remedies since filing his Complaint. [Doc. 17]. Plaintiff attached to the Notice the Step-Three Administrative Remedy Response to his grievance, which is dated August 11, 2022. [Doc. 17-1].

On November 21, 2022, Defendant Carlineo moved to dismiss Plaintiff's Complaint with prejudice for Plaintiff's failure to exhaust his administrative remedies under the Prisoner Litigation Reform Act of 1995, 42

U.S.C. § 1997e(a) ("PLRA"). [Doc. 20, see Doc. 20-1]. Defendant argues that Plaintiff was aware of the exhaustion requirements and had no excuse for failing to comply. [Doc. 20-1 at 6-7]. Defendant does not address Plaintiff's claim that he attempted to file grievances, but that they were thrown away.

On November 29, 2022, this Court entered an order, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), notifying Plaintiff of his right to respond to Defendant's motion and cautioning Plaintiff that his failure to respond would likely result in Defendant being granted dismissal of Plaintiff's Complaint. [Doc. 21]. Plaintiff responded.[2] [Doc. 24]. In his response, Plaintiff admits that he was aware of the exhaustion requirements and states that he "turned in multiple grievances only to have them thrown away." [Doc. 24 at 1]. Plaintiff also contends that he has since exhausted his administrative remedies, as reflected by the Step Three Response he previously submitted to the Court. [Id. at 2; see Doc. 17-1].

The matter is now ripe for adjudication.

---

[2] Plaintiff's response was untimely. Plaintiff, however, adequately explained the reason for the delay in his response and the Court will construe it as timely. [See Doc. 23].

## II. DISCUSSION

The PLRA requires a prisoner to exhaust his administrative remedies before filing a § 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. 534 U.S. 516, 532 (2002). The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that, under the PLRA, exhaustion must take place before the commencement of the civil action to further the efficient administration of justice. Id.

In Woodford v. Ngo, the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). Further, "[t]here is no question that exhaustion is mandatory under the PLRA and that

4

unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524). Because exhaustion of administrative remedies is an affirmative defense, defendants have the burden of pleading and proving lack of exhaustion. Id. at 216. A prisoner, however, need only exhaust those remedies actually available to him. Ross v. Blake, 136 S.Ct. 1850, 1855-56 (2016). "Available" means "capable of use for the accomplishment of a purpose" and that which "is accessible or may be obtained." Id. at 1858 (internal quotation marks and citation omitted). Exhaustion is excused "if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). Plaintiff, however, must show that administrative remedies were not available. Graham v. Gentry, 413 Fed. App'x 660, 663 (4th Cir. 2011).

Finally, it is well-settled that a prisoner may not exhaust his administrative remedies during the pendency of a Section 1983 action; rather, he must fully exhaust all steps of the administrative process before filing his lawsuit. See Germain v. Shearin, 653 Fed. Appx. 231, 234 (4th Cir. 2016); French v. Warden, 442 F. App'x 845, 846 (4th Cir. 2011).

The North Carolina Department of Public Safety (NCDPS)[3] has established, in its Administrative Remedies Procedures ("ARP"), a three-step procedure governing submission and review of inmate grievances. Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). Inmates are required to exhaust administrative remedies with the NCDPS in accordance with ARP. Id. An inmate does not exhaust his administrative remedies with the NCDPS until he completes all three steps. Id.

In support of his motion to dismiss, Defendant asserts only that Plaintiff was aware of the requirement that he exhaust administrative remedies, that Plaintiff failed to do so, and that Plaintiff's "own unwillingness to allow the grievance process to proceed prevented him from complying with the PLRA." [Doc. 20-1 at 6-7]. Defendant does not address, let alone refute, Plaintiff's claim that he attempted to file multiple grievances that were thrown away by staff and never processed. As such, Plaintiff has sufficiently alleged that, through no fault of his own, he was prevented from availing himself of otherwise available administrative remedies.[4] See Moore, 517 F.3d at 725.

---

[3] The NCDPS is now known as the North Carolina Department of Adult Corrections (NCDAC). For simplicity, the Court refers to the NCDAC as the NCDPS.

[4] The Court notes that the belated grievance that Plaintiff described in his Notice is insufficient where such grievance was submitted after Plaintiff mailed his Complaint in this action. See Woodford, 548 U.S. at 83-84 (filing an untimely or otherwise procedurally defective grievance or appeal is insufficient; proper exhaustion is required).

The Court, therefore, will deny Defendant's motion to dismiss. See McClary v. Kalinski, No. 5:18-cv-00102-MR, 2019 WL 3956150, at *3 (W.D.N.C. Aug. 21, 2019) (denying defendant's motion to dismiss where plaintiff claimed that he attempted to file a grievance but that it "got ripped up" by a staff member).

### III. CONCLUSION

In sum, for the reasons stated herein, the Court will deny Defendant's motion to dismiss.

### ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss [Doc. 20] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Carlineo shall have 21 days from this Order to answer Plaintiff's Complaint.

The Clerk is respectfully instructed to update the docket in this matter to reflect Defendant Carlineo's true full name as Kacey R. Carlineo.

**IT IS SO ORDERED**.

Signed: March 6, 2023

Martin Reidinger
Chief United States District Judge